UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RICHARD WAGNER**, | ) | |
| | ) | Case no. 2:25-cv-1002 |
| Plaintiff, | ) | |
| v. | ) | JUDGE |
| | ) | |
| **PETROHIO, LLC, an Ohio limited liability company,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ARP HOSPITALITY LLC, an Ohio limited liability company** | | |
| Defendants. | | |

Plaintiff, Richard Wagner, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Petrohio, LLC, an Ohio limited liability company and Defendant ARP Hospitality LLC, an Ohio Limited Liability Company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## **JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2.      The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. §
        1331, which governs actions that arise from the Defendants violations of
        Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which
        gives the District Courts original jurisdiction over civil actions arising under
        the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3)
        and (4), which gives District Courts jurisdiction over actions to secure civil
        rights extended by the United States government; and 28 U.S.C. § 1367, as
        Count II utilizes the same core of operative facts as Count I, and is therefore
        subject to supplemental jurisdiction.

3.      Venue is proper in the Southern District of Ohio as venue lies in the judicial
        district of the property *situs*.  The Defendants property and/or operations, as
        complained of by Plaintiff, are located in this judicial district, where the
        business of public accommodation is conducted, including the acts
        complained of herein.

**PARTIES**

4.      Plaintiff, Richard Wagner ("Plaintiff" or "Mr. Wagner") is a Delaware
        County, Ohio resident, is *sui juris*, and qualifies as an individual with
        disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.      Defendant Petrohio, LLC owns real property which is a restaurant located at
        16 N Sandusky St, Delaware, Ohio 43015 located in Delaware County.

6.      Defendant ARP Hospitality LLC operates and owns the Hamburger Inn
        Diner, which is a restaurant located at 16 N Sandusky St, Delaware, Ohio
        43015 located in Delaware County.

**Statement of Facts**

7.      Plaintiff has patronized Defendants' property and restaurant and the facilities
        thereon previously as a place of public accommodation, and he has
        experienced the barriers to access complained of herein.

8.      The facility owned or operated by Defendants Petrohio LLC and ARP
        Hospitality LLC is non-compliant with the remedial provisions of the ADA.
        As Defendants either owns, leases, leases to, or operates a place of public
        accommodation as defined by the ADA and the regulations implementing
        the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for
        complying with the obligations of the ADA. Defendant's restaurant is a
        place of public accommodation.  Defendants' property and business fails to
        comply with the ADA and its regulations, as also described further herein.

9.      Mr. Wagner is an individual diagnosed with spinal paralysis and
        permanently uses a wheelchair for mobility.  As such, Plaintiff is
        substantially limited in performing one or more major life activities,
        including but not limited to, standing and walking, as defined by the ADA
        and its regulations thereto.

10.    Mr. Wagner is a Powell, Ohio resident in Delaware County.  He frequents the shopping centers, restaurants, and other establishments of the Delaware County area, including the Defendants' property and business that forms the subject of this complaint.

11.    On August 19, 2024, Plaintiff was a restaurant customer of the Defendants' property and place of business.  Mr. Wagner plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access to the property have endangered his safety and protected access to Defendants' place of public accommodation.

12.    Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.

13.    Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal

enjoyment of the restaurant/diner without fear of discrimination.

14.    The Defendants have discriminated against the individual Plaintiff by

denying him access to the full and equal enjoyment of the goods, services,

facilities, privileges, advantages and/or accommodations of the buildings, as

prohibited by 42 U.S.C. § 12182 *et seq.*

15.    The Defendants have discriminated, and are continuing to discriminate,

against the Plaintiff in violation of the ADA by failing to, *inter alia*, have

accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants

have 10 or fewer employees and gross receipts of $500,000 or less).

16.    A preliminary inspection of the Hamburger Inn Diner owned or operated by

the Defendants has shown that many violations of the ADA exist at the

subject property.  These violations include, but are not limited to:

**<u>Accessible Routes</u>**

A.    At the restaurant entrance there is not the required latch side maneuvering

clearance, whereas 18 inches of latch side maneuvering space on the pull

side of the door at entering is required, in violation of the ADA section

404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose

remedy is strictly required or, at minimum, readily achievable.

B.    At the exterior of the restaurant entrance there is a beveled threshold that is

considerable in excess of ½ inch tall, in violation of the ADA section

404.2.5 of the 2010 Standards and 1991 ADAAG section 4.3.8 and 4.5.2 whose remedy is strictly required or, at minimum, readily achievable.

**The Restaurant**

C. In the Café indoor area, there are no accessible seating or standing dining surfaces being provided, where at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces are required which provide compliant knee and toe clearance, in violation of the ADA section 226.1 and 902.3 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or at minimum is readily achievable.

Restrooms

D. At the men's restroom entry, the sign providing information is located out of compliance, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or, at minimum, readily achievable.

E. At the men's public restroom, the doorknobs are not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

F. In the men's public restroom, there is not an accessible toilet compartment with any rear and/or side grab bars mounted around the water closet, in

violation of sections 604.3 and 604.3.1 of the 2010 Standards and 4.17.6 of the 1991 ADAAG, whose remedy is strictly required or, at minimum, readily achievable.

G. In the men's public restroom, the sink blocks the required 60" wide minimum clear floor space at the water closet for a wheelchair user to transfer onto the toilet, in violation of the ADA section 604.3.1 of the 2010 Standards and 1991 ADAAG section 4.17.3, whose remedy is strictly required or, at minimum, readily achievable.

H. In the men's public restroom, the mirror is mounted in excess of 40 inches above the finish floor to the reflective surface, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or at minimum is readily achievable.

I. At the Women's restroom entry, the sign providing information is located out of compliance, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or, at minimum, readily achievable.

J. At the Women's public restroom, the doorknobs are not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

K. Upon information and belief, the Women's public restroom contains additional similar barriers to accessibility, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

**Policy and Procedure**

L. The Defendants lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

M. The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Mr. Wagner.

17. The discriminatory violations described in Paragraph 16 by the Plaintiff are not an exclusive list of the Defendants' ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendants' place of public accommodation and facilities in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and

has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18.  Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19.  The restaurant at issue, as owned or operated by owner Petrohio LLC and ARP Hospitality LLC constitute places of public accommodation and service establishments, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20.  Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.*

21.  Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set

forth herein, and make the restaurant/diner accessible, to and usable by persons with disabilities, including Plaintiff.

22.   The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

23.   Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

24.   Plaintiff restates the allegations of ¶¶1-23 as if fully rewritten here.

25.   The Defendants operates and owns a "place[s] of public accommodation"

pursuant to O.R.C. § 4112.01(A)(9).

26. Defendants have committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations.

27. Whereas, the Defendants' property and business is replete with barriers to handicap access that discourage, dissuade and impair usage of the restaurant's amenities and impose a barrier on use of this restaraunt. Defendants' restaurant and property fails to maintain accessible public accommodations and accessible routes for Mr. Wagner and other patrons throughout its restaurant/diner in spite of a duty to do so. Defendants have not created any complaint designated accessible indoor seating or standing dining surface space(s) for use by customers with disabilities nor do Defendants provide for accessible restroom facilities. Mr. Wagner is effectively excluded from being a patron at this restaurant/diner due to this ongoing discrimination.

28. Defendant's acts are willful, severe and ongoing.

29. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges,

and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Email: obdjr@owendunnlaw.com